IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

STEPHEN BRYANT SCOTT, JR.,   )
                             )
        Plaintiff,           )
                             )
v.                           )   CV 106-56
                             )
                             )
RONALD STRENGTH,             )
                             )
        Defendant.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Charles B. Webster Detention Center in Augusta, Georgia, filed a complaint under Title 42, United States Code, Section 1983. He is proceeding pro se and *in forma pauperis*, and has filed a motion for a preliminary injunction. Plaintiff also has filed a motion to amend his complaint, which the Court has granted in a separate Order. The Court will address plaintiff's motion for a preliminary injunction and screen his amended complaint pursuant to Title 28, United States Code, Section 1915A in this Report and Recommendation.

### I. MOTION FOR PRELIMINARY INJUNCTION

In plaintiff's motion for a preliminary injunction, plaintiff urges the Court to order:

1. No inmate should be forced to sleep on the floor at any time,
2. Inmates . . . be allowed paperback books and magazines,
3. Inmates [have] access to phone books,

> 4. Inmates . . . be allowed one free phone call upon arrival . . . ,
> 5. Collect call[s] should only cost 100% of the actual cost, which is $.50 for 15 min.
> 6. [The Charles B. Webster Detention Center] carry GED study materials and classes,
> 7. Inmates should be allowed to receive money or money orders thru [sic] the mail like Columbia County,
> 8. Inmates . . . be allowed . . . more access to the law library,
> 9. Inmates . . . be allowed to write other inmates in other jails,
> 10. Every inmate be given mat, pillow, and blanket,
> 11. Outside doctors once every six months evaluate correction medical service to see if adequate medical care is given,
> 12. For [the Charles B. Webster Detention Center] to provide stamps for legal mail for indegent [sic] inmates, [and]
> 13. Allow smoking back in [the jail].

Doc. 8.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Of the relief requested by plaintiff, only items 2, 3, 4, and 6 are related to the allegations raised in his complaint. The remaining relief should be denied as unrelated to the substance of plaintiff's complaint. With regard to items 2, 3, 4, and 6, the Court does not find, and plaintiff fails to allege, that any irreparable harm will be suffered if an injunction

is not granted prior to the resolution of this action. Accordingly, the Court recommends that

the motion for a preliminary injunction, Doc. 8, be **DENIED**.

## II. PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, plaintiff seeks the following relief:

1. No inmate should be forced to sleep on the floor at the [Charles B. Webster Detention Center],
2. Inmates should be allowed paperback books and magizines [sic],
3. Inmates should be allowed access to phone books,
4. Inmates . . . should be allowed one (1) free phone call a week to call there [sic] lawyer,
5. Collect calls should only cost 100% more than a pay phone cost[s] consurmers [sic] which would be 50 cents for 15 minutes,
6. [The Charles B. Webster Detention Center] should carry GED materials to advance the education of inmates and to hold classes once a week,
7. Inmates should be allowed to receive [sic] money through the mail, no limit,
8. Inmates should be allowed to write inmates in other jail,
9. Inmates should be allowed more access to the law library,
10. Every inmate at [the jail] will be given a mat, blanket, and pillow,
11. Outside doctors once every six months to evaluate correction medical services to see if addquate [sic] medical care is being provided.
. . .
13. To allow smoking back in the [jail].

Doc. 9.

The Court will now screen the amended complaint pursuant to Title 28, United States Code, Section 1915A. Of the new relief sought by plaintiff, items 1, 7, 8, 9, 10, 11, and 13 are unrelated to the substance of plaintiff's original complaint,[1] and plaintiff has not alleged that he has exhausted his administrative remedies with regard to these issues. Under Title

---

[1] In his original complaint, plaintiff complained that the jail was not allowing inmates to receive reading materials, phone books, and G.E.D. materials, and that inmates were not being allowed to make phone calls.

3

42, United States Code, Section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that prisoner lawsuit in which denial of grievance was not appealed must be dismissed under Section 1997e).

Plaintiff here has not exhausted his administrative remedies with regard to claims 1, 7, 8, 9, 10, 11, and 13. The Court accordingly recommends that the claims be **DISMISSED** from this action.

Plaintiff also seeks to add Ronald Lord as a plaintiff in this action. Presumably, Mr. Lord, like plaintiff, would proceed in this action *in forma pauperis*. In the Eleventh Circuit, however prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit. Each prisoner, instead, must pay the full filing fee separately. Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

In Hubbard, eighteen (18) prisoners attempted to file a suit together under 42 U.S.C. § 1983 to challenge their medical care at an Alabama correctional facility. Id. at 1195. The

4

Eleventh Circuit affirmed the district court's decision to require each plaintiff to proceed individually, with their own complaint and own motions to proceed *in forma pauperis*. Id. Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints. The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP. The court directed each of the remaining plaintiffs to file his own form complaint and petition to proceed IFP. The court then dismissed the original multi-plaintiff complaint without prejudice.
>
> . . . .
>
> Because the plain language of the (Prison Litigation Reform Act) requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly *dismissed* the multi-plaintiff action in this instance.

Id. (emphasis added).

In accordance with the procedure affirmed by the Eleventh Circuit, the Court recommends that Ronald Lord be **DISMISSED** from this action. The action may proceed with Plaintiff Scott as the only plaintiff party, and the Marshal is **DIRECTED** to serve a copy of this Report and Recommendation and amended claims 2, 3, 4, 5, 6, and 12 on defendant.

SO REPORTED AND RECOMMENDED this 7th day of July, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE