IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
2007 FEB 27 A 10: 50
CLERK
SO. DIST. OF GA.

| | |
|---|---|
| STEPHEN BRYANT SCOTT, JR.,           ) | |
|                                                                   ) | |
|             Plaintiff,                                        ) | |
|                                                                   ) | |
| v.                                                             ) | CV 106-056 |
|                                                                   ) | |
|                                                                   ) | |
| RONALD STRENGTH,                           ) | |
|                                                                   ) | |
|             Defendant.                                     ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate who was incarcerated at the Charles B. Webster Detention Center ("CWDC") in Augusta, Georgia, at the time he filed the above-captioned civil rights case, is proceeding *pro se* and *in forma pauperis*. In this Court's May 3, 2006 Order, Plaintiff was informed that he was responsible for immediately informing the Court of any change of address, and failure to do so would result in the dismissal of his case. (Doc. no. 3, p. 4). Since that time, several documents have been filed, including Plaintiff's motion for a preliminary injunction, motion to file an amended complaint, and amended complaint (doc. nos. 8, 9), as well as Defendant's answer (doc. no. 16). Recently, the Honorable Dudley H. Bowen, Jr., United States District Judge, entered an order reassigning this case to the Honorable William T. Moore, Jr., Chief United States District Judge. (Doc. no. 20). However, Plaintiff's service copy of this Order was returned as undeliverable because he was no longer incarcerated at CWDC. Based on the above information, Plaintiff has failed to

comply with the Court's instructions that he notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court[,] or failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b), (c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Order by not providing the Court with a valid address amounts, at a minimum, to neglect of a Court Order and a failure to prosecute, but also to an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

2

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.[2]

SO REPORTED and RECOMMENDED this 27th day of February, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[2] The Court acknowledges that Defendant has filed a motion to dismiss Plaintiff's complaint because Plaintiff's claims for injunctive relief are moot, as Plaintiff has been transferred from the CWDC into the custody of the United States Marshal. (Doc. no. 18). However, the Court need not rule on Defendant's motion since Plaintiff's complaint is due to be dismissed for Plaintiff's failure to update the Court with his current address.